FILED

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

2018 JAN 11 PM 2:09

| | |
|---|---|
| ANGELA WEBB, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No.: 5:18-cv-24-OC-30PRL |
| v. ) | |
| ) | COMPLAINT AND DEMAND FOR |
| BLUESTEM BRANDS, INC. d/b/a ) | JURY TRIAL |
| FINGERHUT, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

ANGELA WEBB ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Inverness, Florida 34453.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

11. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number that he has had for at least two years.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning in or around winter or spring 2015 and continuing through 2016, Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone.

16. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

17. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages as he would be regularly be greeted by a pause or delay prior to being connected to one of Defendant's representatives.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Desiring to curtail Defendant's relentless calls, Plaintiff spoke to Defendant shortly after the initiation of Defendant's calls in or about winter or spring 2015 and requested that Defendant stop calling her.

20. This was Plaintiff's method of revoking any previously given consent for Defendant to call her cellular telephone number.

21. Defendant heard and acknowledged Plaintiff's revocation of consent.

22. Undeterred by Plaintiff's revocation, as well as additional demands to refrain from contacting her cellular telephone, Defendant instead continued to call Plaintiff incessantly each day through 2016.

23. Defendant's calls were upsetting and disruptive to Plaintiff, particularly when Defendant's calls disrupted Plaintiff while at work.

24. Frustrated by the continued calls, Plaintiff ultimately downloaded a blocking application onto her cellular telephone to stop Defendant's incessant calls.

25. Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for "emergency purposes."

29. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent as Plaintiff revoked any previously given consent to call his cellular telephone.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## **DEFENDANT VIOLATED**
## **THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

35. Defendant violated § 559.72(7) when it called Plaintiff an excessive number of times per day and continued to call Plaintiff in spite of her repeated instructions to Defendant to stop contacting her on her cellular telephone.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANGELA WEBB, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection

Practices Act, Fla. Stat. §559.77;

f. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGELA WEBB, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: January 9, 2018

By: /s/ *Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT